UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GABRIEL KENON,

    Petitioner,

v.                                        CASE NO. 6:14-cv-1867-Orl-28GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This cause is before the Court on initial review of the Amended Petition for Habeas Corpus Relief (the "Amended Petition") filed by Petitioner pursuant to 28 U.S.C. section 2254 (Doc. No. 5). For the reasons set forth below, the Amended Petition will be dismissed as a successive petition pursuant to 28 U.S.C. section 2244(b).

### I. Discussion

Petitioner was previously denied relief under section 2254 with respect to the same conviction/sentence being challenged in the Petition: Case No. 6:11-cv-767-Orl-18GJK, which was dismissed with prejudice on September 4, 2012. Thus, the Petition is a second or successive application.

Pursuant to 28 U.S.C. section 2244(b)(3)(A), the Court cannot consider a second or successive habeas petition until a panel of the Eleventh Circuit Court of Appeals has authorized its filing. There is no indication that Petitioner applied for and was granted

leave to file a second or successive habeas corpus petition by the Eleventh Circuit Court of Appeals. Petitioner is required to obtain authorization from the Eleventh Circuit Court of Appeals to file a successive application for habeas corpus relief. *See* 28 U.S.C. § 2244(b)(3)(A).

As a result, under the requirements set forth in section 2244(b), the Petition, which is successive, cannot be entertained by this Court, and it will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.[1]

Petitioner should be aware that section 2244(b)(2) limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive habeas corpus petition. Furthermore, section 2244(d) imposes a time limitation on the filing of a habeas corpus petition. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of both these provisions.

## II. Conclusion

Accordingly, it is now **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice.**

2. The Clerk of the Court is directed to close this case and to enter judgment dismissing this case without prejudice.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts allows for summary dismissal of a habeas petition that plainly reveals that relief is not warranted.

3. The Clerk of the Court also is directed to send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody" form.

**DONE** and **ORDERED** in Orlando, Florida on December 11, 2014.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-2 12/9
Gabriel Kenon